1
2
3
4
5

Samuel R. Randall (No. 024517)
**RANDALL LAW PLLC**
4742 North 24th Street, Suite 300
Phoenix, Arizona 85016
Telephone:    602.328.0262
Facsimile:    602.926.1479
Email:         srandall@randallslaw.com

6
7
8
9
10
11

Michael A. Josephson (*pro hac vice forthcoming*)
Andrew W. Dunlap (*pro hac vice forthcoming*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone:    713.352.1100
Facsimile:    713.352.3300
Emails:        mjosephson@mybackwages.com
                adunlap@mybackwages.com

12
13

[Additional counsel appear on signature page]

14

**ATTORNEYS FOR PLAINTIFF
& PUTATIVE CLASS MEMBERS**

15
16

**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

17
18

Robert Kostov, Individually and for Others
Similarly Situated,

19

Plaintiff

20
21
22

v.

23
24
25
26

Maricopa County Special Health Care
District d/b/a Valleywise Health, an
Arizona special healthcare district

Defendant.

**Case No. _____**

**FLSA COLLECTIVE ACTION
COMPLAINT FOR DAMAGES**

**Failure to Pay Overtime Wages
(Fair Labor Standards Act, 29
U.S.C. § 201, *et seq.*)**

**(Jury Trial Demanded)**

27
28

- 1 -

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.     Robert Kostov (Kostov) brings this collective action to recover unpaid overtime and other damages from Maricopa County Special Health Care District d/b/a Valleywise Health (Valleywise Health).

2.     Kostov worked for Valleywise Health as an Emergency Department Tech at Valleywise Health's Maryvale facility in Phoenix, Arizona.

3.     Like the Putative Class Members (as defined below), Kostov regularly worked more than 40 hours in a week.

4.     But Valleywise Health did not pay them for all the hours they worked.

5.     Instead, Valleywise Health automatically deducted 30 minutes a day from these employees' work time for so-called meal breaks.

6.     Kostov and the Putative Class Members were thus not paid for that time.

7.     But Valleywise Health failed to provide Kostov and the Putative Class Members with bona fide meal breaks.

8.     Instead, Valleywise Health required Kostov and the Putative Class Members to remain on-duty throughout their shifts and continuously subjects them to interruptions, including during their unpaid "meal breaks."

9.     Valleywise Health's auto-deduction policy violates the Fair Labor Standards Act (FLSA) by depriving Kostov and the Putative Class Members of overtime pay for all overtime hours worked.

10.     Further, in addition to excluding time Kostov and the Putative Class Members worked during their unpaid "meal breaks," Valleywise Health also paid these employees different hourly rates (or "shift differentials") and bonuses depending on what type of shifts they worked.

11.     But Valleywise Health failed to include these shift differentials and bonuses in calculating Kostov and the Putative Class Members' regular rates of pay – as defined by the FLSA – for overtime purposes.

12.     Valleywise Health's shift differential and bonus pay scheme violates the FLSA by failing to pay Kostov and the Putative Class Members overtime at rates not less than 1.5 times their regular rates of pay – based on all renumeration received – for all overtime hours worked.

## JURISDICTION & VENUE

13.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

14.     This Court has general personal jurisdiction over Valleywise Health because Valleywise Health is a domestic corporation headquartered in Phoenix, Arizona.

15.     Venue is proper because Valleywise Health maintains its headquarters in Phoenix, Arizona. 28 U.S.C. § 1391(b)(1).

## PARTIES

16.     Kostov worked for Valleywise Health as an Emergency Department Tech at Valleywise Health's Maryvale facility from approximately March 2019 until February 2021.

17.     Throughout his employment, Valleywise Health classified Kostov as non-exempt and paid him on an hourly basis.

18.     But Valleywise Health subjected Kostov to its common practice of automatically deducting 30 minutes a day from his recorded work time for so-called "meal breaks."

19.     Further, throughout his employment, Valleywise Health paid Kostov shift differentials and bonuses depending on what type of shift he worked.

20.     But Valleywise Health failed to include his shift differentials and bonuses in calculating Kostov's regular rate of pay for overtime purposes.

21.     Kostov's written consent is attached as Exhibit 1.

22.     Kostov brings this action on behalf of himself and other similarly situated hourly, non-exempt Valleywise Health employees who (1) were subject to Valleywise Health's automatic meal break deduction policy and/or (2) were paid shift differentials and/or bonuses.

23.     The first FLSA collective of similarly situated employees is defined as:

> **All hourly, non-exempt Valleywise Health employees who received an automatic meal period deduction at any time during the past 3 years ("Meal Break Class Members" or "Meal Break Class").**

24.     Valleywise Health uniformly requires all these employees to remain on-duty and perform work throughout their shifts, including their unpaid "meal breaks."

25.     Thus, Valleywise Health uniformly deprives these employees of overtime wages for all hours worked in excess of 40 hours in a workweek in violation of the FLSA.

26.     The second FLSA collective of similarly situated employees is defined as:

**All hourly, non-exempt Valleywise Health employees who received shift differentials and/or bonuses at any time during the past 3 years ("Shift Diff Class Members" or "Shift Diff Class").**

27.     Valleywise Health uniformly fails to include the shift differentials and bonuses these employees receive in calculating their regular rates of pay for overtime purposes.

28.     Thus, Valleywise Health uniformly fails to pay all these employees overtime compensation at rates not less than 1.5 times their regular rates of pay – based on all renumeration received – in violation of the FLSA.

29.     The Meal Break Class Members and the Shift Diff Class Members are collectively referred to as the "Putative Class Members" or "Putative Class."

30.     Valleywise Health is a political subdivision of the State of Arizona/ ARS §§ 48-5501, *et seq.*

31.     Valleywise Health is subject to suit. ARS § 48-5541(2).

32.     Valleywise Health maintains its headquarters in Maricopa County, Arizona.

33.     Valleywise Health may be served with process by serving its officers, directors, managing agents, or general agents at 2601 East Roosevelt Street, Phoenix, Arizona 85008.

**COVERAGE UNDER THE FLSA**

34.     At all relevant times, Valleywise Health was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

35.     At all relevant times, Valleywise Health, as a hospital network and institution primarily engaged in healthcare, was an enterprise within the meaning of Section 3(r)(2)(A) of the FLSA, 29 U.S.C. § 203(r)(2)(A).

36.    At all relevant times, Valleywise Health was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(B) of the FLSA, 29 U.S.C. § 203(s)(1)(B), because Valleywise Health, as a hospital network, is engaged in the operation of a hospital and an institution primarily engaged in providing healthcare services.

37.    At all relevant times, Valleywise Health has had an annual gross volume of sales made, or business done, of not less than $500,000 each year.

38.    At all relevant times, Valleywise Health has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as medical tools, personal protective equipment, computers, and cell phones.

39.    At all relevant times, Kostov and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

40.    Valleywise Health uniformly deducted 30 minutes/shift from Kostov and the Putative Class Members' wages for meal breaks, even when these employees did not actually receive bona fide, non-interrupted meal breaks.

41.    As a result, Valleywise Health failed to pay Kostov and the Putative Class Members for this compensable work, including overtime, in violation of the FLSA.

42.    Valleywise Health's automatic meal break deduction policy, which deprives Kostov and the Putative Class Members of overtime compensation for the weeks in which these workers work over 40 hours, is a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

43.    Further, Valleywise Health uniformly failed to include shift differential payments and bonuses Kostov and the Putative Class Members received in calculating these employees' regular rates of pay for overtime purposes.

44.    As a result, Valleywise Health failed to pay Kostov and the Putative Class Members overtime at rates not less than 1.5 times their regular rates of pay – based on all renumeration received – in violation of the FLSA.

45.    Valleywise Health's shift differential and bonus pay scheme, which deprives Kostov and the Putative Class Members of overtime compensation at the proper premium rate, is a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

### THE FACTS

46.    Valleywise Health operates hospitals and other healthcare facilities across Maricopa County, Arizona.

47.    Valleywise Health employs patient care workers, including Kostov and the Putative Class Members, to provide patient care services and treat the patients in its various facilities.

48.    Valleywise Health uniformly classifies these employees as non-exempt and pays them on an hourly basis.

49.    While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

50.    For example, Kostov worked for Valleywise Health as an Emergency Department Tech at Valleywise Health's Maryvale facility from approximately March 2019 until February 2021.

51.     As an Emergency Department Tech, Kostov's primary responsibilities included providing patient care, cleaning patient rooms, fulfilling orders, monitoring patients, and supporting doctors and nursing staff with treatments.

52.     Throughout his employment, Valleywise Health classified Kostov as non-exempt and paid him on an hourly basis.

53.     Throughout his employment, Valleywise Health subjected Kostov to its common practice of automatically deducting 30 minutes from his recorded hours worked and wages each shift for meal breaks, regardless of whether he actually received a bona fide meal break.

54.     Kostov and the Putative Class Members performed their jobs under Valleywise Health's supervision, and using materials, equipment, and technology approved and supplied by Valleywise Health.

55.     Valleywise Health requires Kostov and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

56.     At the end of each pay period, Kostov and the Putative Class Members received wages from Valleywise Health that were determined by common systems and methods that Valleywise Health selected and controlled.

57.     Valleywise Health requires its hourly, non-exempt employees, including Kostov and the Putative Class Members, to record their hours worked using Valleywise Health's timeclock system.

58.     Further, Valleywise Health subjects its hourly, non-exempt employees, including Kostov and the Putative Class Members, to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

59.     Specifically, Valleywise Health automatically deducts 30 minutes from Kostov and the Putative Class Members' time records each shift they work for meal periods, regardless of whether these employees actually receive a full, uninterrupted, 30-minute meal period.

60.     But Valleywise Health fails to provide Kostov and the Putative Class Members with *bona fide* meal periods.

61.     Instead, Valleywise Health requires Kostov and the Putative Class Members to remain on-duty and working throughout their shifts, continuously subjecting them to interruptions, including during their unpaid meal periods.

62.     This unpaid time is compensable under the FLSA because Valleywise Health knew, or should have known, that (1) Kostov and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they entirely skipped the meal period due to work demands, and/or (4) the meal period was less than 30 consecutive minutes.

63.     Valleywise Health failed to exercise its duty to ensure Kostov and the Putative Class Members were not performing work that Valleywise Health did not want performed during their unpaid "meal breaks."

64.     Despite accepting the benefits, Valleywise Health did not pay Kostov and the Putative Class Members for the compensable work they performed during their "meal breaks."

65.     Thus, under Valleywise Health's uniform automatic meal break deduction policy, Kostov and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" in workweeks in which they worked in excess of 40 hours in violation of the FLSA.

66.     Further, in addition to excluding time Kostov and the Putative Class Members worked during their unpaid "meal breaks," Valleywise Health also paid these employees different hourly rates (or "shift differentials") and bonuses depending on what type of shifts they worked.

67.     But Valleywise Health failed to include these shift differentials and bonuses in calculating Kostov and the Putative Class Members' regular rates of pay for overtime purposes.

68.     Valleywise Health's shift differential and bonus pay scheme violates the FLSA by failing to pay Kostov and the Putative Class Members overtime wages at rates not less than 1.5 times their regular rates of pay – based on *all* renumeration received – for all overtime hours worked.

69.     Valleywise Health knows Kostov and the Putative Class Members routinely perform work "off the clock" during their unpaid meal breaks because Valleywise Health expects and requires these employees to do so.

70. But Valleywise Health does not pay Kostov and the Putative Class Members for their routine "off the clock" work, including those hours worked in excess of 40 hours in a workweek, in violation of the FLSA.

71. Kostov worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

72. Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

73. Indeed, Valleywise Health typically schedules Kostov and the Putative Class Members to work 12-hour shifts for at least 4-5 days a week.

74. And Kostov and the Putative Class Members regularly are also required to work during their unpaid meal breaks "off the clock" to complete their job duties and patient care responsibilities.

75. As a result, Kostov and the Putative Class Members work in excess of 40 hours in a typical workweek.

76. When Kostov and the Putative Class Members worked more than 40 hours in a workweek, Valleywise Health did not pay them 1.5 times their regular hourly rate – based on *all* renumeration received – for all overtime hours worked due to Valleywise Health's failure to include (1) time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek and/or (2) these employees' shift differentials and bonuses in calculating their regular rates of pay for overtime purposes.

77. Valleywise Health knew, or should have known, it was subject to the FLSA, including its overtime provisions.

78.     Valleywise Health knew, or should have known, the FLSA requires it to pay employees, including Kostov and the Putative Class Members, overtime wages at rates not less than 1.5 times these employees' regular rates of pay – based on *all* renumeration received – for all hours worked in excess of 40 hours in a workweek.

79.     Valleywise Health knew, or should have known, Kostov and the Putative Class Members worked more than 40 hours in a week.

80.     Valleywise Health knew, or should have known, Kostov and the Putative Class Members regularly worked during their unpaid meal breaks because Valleywise Health expected and required them to do so.

81.     Valleywise Health knew, should have known, or showed reckless disregard for, whether the conduct described in this Complaint violated the FLSA.

82.     Valleywise Health knowingly, willfully, and/or in reckless disregard carried out these illegal policies that deprived Kostov and the Putative Class Members of overtime compensation at the proper premium rate for all overtime hours worked in violation of the FLSA.

83.     Nonetheless, Valleywise Health failed to pay Kostov and the Putative Class Members overtime at the proper premium rate for all hours these employees worked in excess of 40 hours in a workweek.

84.     Valleywise Health's failure to pay Kostov and the Putative Class Members overtime compensation at the proper premium rate for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation at the proper premium rate for all overtime hours worked made in good faith.

## COLLECTIVE ALLEGATIONS

85.    Kostov brings his claims as a collective action under the FLSA. 29 U.S.C. § 216(b).

86.    The Putative Class Members were victimized by Valleywise Health's pattern, practice, and/or policy which is in willful violation of the FLSA.

87.    Other Putative Class Members worked with Kostov and indicated they were paid in the same manner, performed similar work, and were subject to Valleywise Health's same automatic meal break deduction policy and/or shift differential and bonus pay scheme.

88.    Based on his experiences with Valleywise Health, Kostov is aware Valleywise Health's illegal practices were imposed on the Putative Class Members.

89.    The Putative Class Members are similarly situated in all relevant respects.

90.    Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

91.    Therefore, the specific job titles or precise job locations of the various members of the Putative Class do not prevent collective treatment.

92.    Rather, Putative Class is held together by Valleywise Health's uniform automatic meal break deduction policy and/or shift differential and bonus pay scheme which systematically deprived Kostov and the Putative Class Members of overtime pay at the proper premium rate for all hours worked in excess of 40 hours in a workweek.

93.    The Putative Class Members are similarly denied overtime pay at the proper premium rate when they work more than 40 hours per week.

94.    The overtime owed to Kostov and the Putative Class Members will be calculated using the same records and using the same formula.

95.    Kostov's experiences are therefore typical of the experiences of the Putative Class Members.

96.    Kostov has no interests contrary to, or in conflict with, the Putative Class Members that would prevent collective treatment.

97.    Like each Putative Class Member, Kostov has an interest in obtaining the unpaid overtime wages owed under federal law.

98.    A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

99.    Absent a collective action, many Putative Class Members will not obtain redress for their injuries and Valleywise Health will reap the unjust benefits of violating the FLSA.

100.    Further, even if some of the Putative Class Members could afford individual litigation against Valleywise Health, it would be unduly burdensome to the judicial system.

101.    Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

102.    The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

103.    Among the common questions of law and fact are:

a.  Whether Valleywise Health engaged in a policy and practice of automatic time deductions for meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA;

b.  Whether Valleywise Health's automatic meal break deduction policy deprived Kostov and the Putative Class Members of pay for time worked during meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA;

c.  Whether Valleywise Health failed to pay Kostov and the Putative Class Members overtime for all hours worked in excess of 40 hours in a workweek, including hours worked during missed and interrupted meal breaks, in violation of the FLSA;

d.  Whether Valleywise Health knew, or had reason to know, Kostov and the Putative Class Members were requested, suffered, permitted, or allowed to work during their unpaid meal breaks in violation of the FLSA;

e.  Whether Valleywise Health failed to include Kostov and the Putative Class Members' shift differentials and bonuses in calculating these employees' regular rates of pay for overtime purposes in violation of the FLSA;

f.  Whether Valleywise Health's decision to not pay Kostov and the Putative Class Members overtime compensation at the proper premium rate for all overtime hours worked was made in good faith; and

g.    Whether Valleywise Health's violations of the FLSA were willful.

104.    Kostov and the Putative Class Members sustained damages arising out of Valleywise Health's illegal and uniform employment policies.

105.    Kostov knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

106.    Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Valleywise Health's records, and there is no detraction from the common nucleus of liability facts.

107.    Therefore, the issue of damages does not preclude collective treatment.

108.    Valleywise Health is liable under the FLSA for failing to pay overtime to Kostov and the Putative Class Members.

109.    Consistent with Valleywise Health's illegal automatic meal break deduction policy, Kostov and the Putative Class Members were not paid the overtime compensation for all overtime hours worked.

110.    Consistent with Valleywise Health's illegal shift differential and bonus pay scheme, Kostov and the Putative Class Members were not paid overtime wages at the proper premium rate based on all renumerations received.

111.    As part of its regular business practices, Valleywise Health intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Kostov and the Putative Class Members.

112.    Valleywise Health's illegal policies deprived Kostov and the Putative Class Members of the premium overtime wages they are owed under federal law.

113. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

114. This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

115. Those similarly situated employees are known to Valleywise Health, are readily identifiable, and can be located through Valleywise Health's records.

**CAUSE OF ACTION**
**FLSA VIOLATIONS**

116. Kostov realleges and incorporates all other paragraphs by reference.

117. Kostov brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

118. Valleywise Health violated, and is violating, the FLSA by failing to pay Kostov and the Putative Class Members overtime at rates not less than 1.5 these employees' regular rates of pay – based on *all* renumeration received – for all hours worked in excess of 40 in a single workweek, including hours worked "off the clock" during these employees' unpaid meal periods.

119. Throughout the relevant period, Valleywise Health expected and required Kostov and the Putative Class Members to remain on-duty and be available to work during their unpaid meal breaks.

120. Throughout the relevant period, Valleywise Health paid Kostov and the Putative Class Members shift differentials and bonuses that it failed to include in calculating these employees' regular rates of pay for overtime purposes.

121.    Kostov and the Putative Class Members have been harmed as a direct and proximate result of Valleywise Health's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Valleywise Health derived a direct and substantial benefit.

122.    Valleywise Health knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Kostov and the Putative Class Members overtime compensation at the proper premium rate for all overtime hours worked.

123.    Valleywise Health's failure to pay Kostov and the Putative Class Members overtime compensation at the proper premium rate for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation at the proper premium rate for all overtime hours worked made in good faith.

124.    Accordingly, Kostov and the Putative Class Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorneys' fees and costs.

### JURY DEMAND

125.    Kostov demands a trial by jury.

### RELIEF SOUGHT

WHEREFORE, Kostov, individually and on behalf of the Putative Class Members, seeks the following relief:

a.    An Order designating this case as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely

FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.      An Order pursuant to Section 16(b) of the FLSA finding Valleywise Health liable for unpaid back wages due to Kostov and the Putative Class Members, as well as for liquidated damages in an amount equal to their unpaid compensation;

c.      Judgment awarding Kostov and the Putative Class Members all unpaid overtime and other damages available under the FLSA;

d.      An Order awarding attorneys' fees, costs, and expenses;

e.      Pre- and post-judgment interest at the highest applicable rates; and

f.      Such other and further relief as may be necessary and appropriate.

///

///

///

///

///

///

///

///

///

///

///

Dated: April 11, 2023.

Respectfully submitted,

By: */s/ Samuel R. Randall*
Samuel R. Randall (No. 024517)
**RANDALL LAW PLLC**
4742 North 24th Street, Suite 300
Phoenix, Arizona 85016
602-328-0262 – Telephone
602-926-1479 – Facsimile
srandall@randallslaw.com

Michael A. Josephson*
Andrew W. Dunlap*
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
rburch@brucknerburch.com

William C. (Clif) Alexander*
Austin W. Anderson*
**ANDERSON ALEXANDER PLLC**
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
361-452-1279 – Telephone
361-452-1284 – Facsimile
clif@a2xlaw.com
austin@a2xlaw.com

*Pro hac vice applications forthcoming*

**ATTORNEYS FOR PLAINTIFF &
THE PUTATIVE CLASS MEMBERS**