**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Kostov,<br><br>          Plaintiff,<br><br>v.<br><br>Maricopa County Special Health Care District,<br><br>          Defendant. | No. CV-23-00613-PHX-KML<br><br>**ORDER** |

The parties' recent filings show both sides have engaged in regrettable behavior. This large case cannot be litigated fairly and efficiently if counsel engage in gamesmanship. The court hopes and expects this order will re-set the tone of this litigation and has ample tools at its disposal if the attorneys continue behaving obstructively and unprofessionally. *See, e.g.*, Fed. R. Civ. P. 11; Fed. R. Civ. P. 37; 28 U.S.C. § 1927; *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021) ("A district court may, among other things, dismiss a case in its entirety, bar witnesses, exclude other evidence, award attorneys' fees, or assess fines.").

Valleywise moved for a 91-day, or alternatively 76-day, extension of the discovery deadline to allow sufficient time to take the depositions of 25 opt-in plaintiffs. (Doc. 150.) Valleywise argued that repeated last-minute cancellations of opt-in plaintiffs warrant an extension. (Doc. 150 at 2.) Kostov argued Valleywise failed to diligently pursue discovery and the presence of plaintiffs' supervisors in the depositions have caused their cancellations. (Doc. 164 at 6–7, 9.) Kostov also argued Valleywise has failed to fulfill its

discovery obligations and filed a motion for leave to submit an ex parte summary of other discovery disputes. (Docs. 170, 171.)

The court grants Valleywise's extension motion in part and directs it to respond to Kostov's summary of discovery dispute.

## I. The Prior Extension Requests and Discovery Disputes

Kostov filed suit on April 11, 2023 alleging claims under the Fair Labor Standards Act. After the parties' initial Rule 26(f) report proposed this case "proceed in two separate phases" (Doc. 23 at 6), the court rejected their proposal and ordered the parties file an amended case management plan. (Doc. 25.) The parties did so, and the court set January 19, 2024, as the discovery deadline and March 22, 2024, as the dispositive motion deadline. (Doc. 28 at 2.) On October 20, 2023, the court granted Kostov's motion for conditional certification and stated the dispositive motion deadline of March 22, 2024, would also be the deadline for a motion for decertification. (Doc. 44.) The court subsequently extended the deadlines such that the current deadlines are September 27, 2024, for all discovery and January 31, 2025, for dispositive motions and any decertification motion. (Doc. 63, 118.)

For unknown reasons, the parties waited until August 30, 2024, to file a "Stipulated Motion for Court Approval of Phase I Representative Discovery Plan and Request for Status Conference." (Doc. 143.) The parties stipulated that Valleywise is entitled to 25 depositions of opt-in plaintiffs and that opt-in plaintiffs refusing to participate in written discovery or a deposition for which they are noticed will be dismissed or withdrawn from the action. (Doc. 143 at 5.) After reviewing that report, the court granted the motion in part. (Doc. 145.) The court denied the parties' renewed request for bifurcated discovery. (Doc. 145.) The court also ordered that Valleywise is entitled to select the opt-in plaintiffs it will depose without any input from plaintiffs but that it must produce certain documents five business days in advance of any deposition. (Doc. 145 at 2.)

## II. Valleywise's Proposed Extension

On September 13, 2024, Valleywise moved to (1) extend the discovery deadline from September 27, 2024 to December 27, 2024 or alternatively to November 8, 2024;

(2) extend the dispositive motion deadline from January 25, 2025 to April 11, 2025 or alternatively to March 7, 2025; and (3) receive attorneys' fees incurred in connection with its motion. (Doc. 150 at 1, 10.) Valleywise argued that extensions are necessary because 85 percent of the 33 opt-in plaintiffs noticed for depositions failed to appear, often notifying Valleywise of their cancellations less than 24 hours before the scheduled start times. (Doc. 150 at 3.)

Kostov responded that Valleywise failed to diligently pursue discovery and Valleywise's own behavior prevented it from taking 25 opt-in plaintiff depositions before the close of discovery. (Doc. 164 at 4.) Kostov argued Valleywise failed to notice depositions or provide alternative dates when given opt-in plaintiffs' availability and waited weeks—sometimes months—between its requests for deposition dates. (Doc. 164 at 6–7.) Kostov also argued that Valleywise is responsible for the high percentage of cancellations because deponents are intimidated by their supervisors' attendance at the depositions. (Doc. 164 at 9.)

Valleywise's motion likely qualified as a discovery dispute that should have been submitted as required by the court's procedures. But more importantly, Valleywise should have filed its motion before the eve of the close of discovery. *ACS Int'l Prod. LP v. State Auto. Mut. Ins. Co.*, No. CV-19-00549-TUC-DCB, 2021 WL 2805589, at *2 (D. Ariz. July 6, 2021). Despite Valleywise's delay, its inability to take opt-in plaintiffs' depositions was in part due to unanticipated cancellations. That constitutes good cause for extending the discovery deadline. *See Martinez v. City of Avondale*, No. CV-12-1837-PHX-LOA, 2013 WL 673507, *4 (D. Ariz. Feb. 25, 2013) (providing 30-day extension for unexpected illness). It appears, however, that deponents may have cancelled due to concerns around the presence of their supervisors in their depositions and fear of potential retaliation. (Doc. 164 at 9.) To ensure no future intimidation occurs, the court will limit who may attend plaintiffs' depositions.

The court may sua sponte grant a protective order for good cause. *Vantage Mobility Int'l, LLC v. Kersey Mobility, LLC*, No. CV-19-04684-PHX-JJT, 2020 WL 3103945, at *3

(D. Ariz. June 11, 2020). Courts across the country have recognized that good cause exists where the presence of a deponent's supervisor could be intimidating. *See Collins v. City & Cnty. of San Francisco*, No. 13-CV-03456-MEJ, 2014 WL 7665248, at *4 (N.D. Cal. Oct. 30, 2014) (acknowledging concerns of supervisory intimidation have been recognized as good cause to exclude); *Monroe v. Sisters of Saint Francis Health Servs., Inc.*, 2010 WL 4876743, at *3 (N.D. Ind. Nov. 23, 2010) (excluding supervisor from deposition where presence could have intimidating effect on testimony); *Adams v. Shell Oil Co.*, 136 F.R.D. 615, 617 (E.D. La.1991) (excluding corporate representative from deposition because of potential intimidating influence on testimony). Such cause exists here.

Accordingly, the court extends the discovery and dispositive motion deadlines by 60 days and orders that no Valleywise employees within the supervisory chain of the deponent are permitted to attend the depositions of those they supervise. Because Valleywise did not explain why it believed it is entitled to attorneys' fees, its request is denied.

### III. Adherence to Court Order and Stipulation

Beyond possibly intimidating plaintiffs, Kostov raised concerns with how Valleywise has conducted itself in taking and scheduling depositions. Specifically, Kostov argued that Valleywise does not plan to follow the presumptive four-hour deposition limit in good faith as stipulated by the parties; has not provided the required discovery five business days in advance of any deposition as ordered by the court; and refuses to schedule a 30(b)(6) deposition. (Doc. 164 at 8–9, 11–12; Doc. 145 at 2.)

The parties must adhere to the terms of the discovery stipulation as ordered by the court. (Doc. 145.) At least five business days in advance of any deposition Valleywise must produce the deponents' pay records, time records, personnel files, onboarding documents, write ups, performance reviews, relevant policies and procedures, handbooks, HR training materials for meal and break periods and clocking in and out, emails, and any electronic "timestamped" documents such as badge swipes and activity logs from the various patient care records systems. (Doc. 145 at 2.) Valleywise need not make duplicative productions.

For example, Valleywise must produce the handbooks and HR training materials only once if the same materials apply to multiple opt-in plaintiffs. If Valleywise has failed to produce the discovery five business days in advance, the deposition shall not proceed.

The depositions of opt-in plaintiffs are presumptively limited to four hours as agreed by the parties. Where depositions must exceed four hours, the parties must work in good faith to negotiate extensions.

Finally, "[w]hen a party notices and subpoenas a corporation, the named corporation has a duty to designate 'one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf.'" *E.E.O.C. v. Boeing Co.*, No. CV 05-03034-PHX-FJM, 2007 WL 1146446, at *1 (D. Ariz. Apr. 18, 2007) (quoting Fed. R. Civ. P 30(b)(6)). Assuming plaintiffs' version of events is accurate, Valleywise cannot shirk its testimonial obligations and must designate a representative to testify on its behalf in compliance with Rule 30(b)(6).

### IV. Plaintiffs' Motion to File Discover Disputes Ex Parte

Kostov filed an ex parte motion requesting leave to file a summary of discovery disputes without the input of Valleywise. (Doc. 170.) Case Management Order ¶ 7(a) covers situations such as the parties being unable to contact each other, not where parties represented by counsel refuse to cooperate in the discussion and submission of a joint statement to the court. When one side wishes to submit a discovery dispute, the opposing side must cooperate with that submission.

Valleywise is ordered to respond to Kostov's motion and submit its own proposed summary of discovery disputes. Going forward, the parties are expected to follow all provisions of the Case Management Order.

Accordingly,

**IT IS ORDERED** the Motion for Extension of Time (Doc. 150) is **GRANTED IN PART AND DENIED IN PART**. The deadline to complete discovery is extended from September 27, 2024 to November 25, 2024 and the deadline to file dispositive motions is extended from January 25, 2025 to March 26, 2025. Valleywise employees or affiliates in

the supervisory chain of opt-in plaintiffs are not permitted to attend or observe the depositions of the plaintiffs they supervise. Valleywise's request for attorney fees is **DENIED.**

**IT IS FURTHER ORDERED** Valleywise designate a corporative representative in compliance with Rule 30(b)(6).

**IT IS FURTHER ORDERED** the parties adhere to the provisions of their discovery stipulation as ordered by the court. (Doc. 145.) Opt-in plaintiff depositions are presumptively limited to four hours as stipulated by the parties. Where depositions must exceed four hours, the parties will work in good faith to negotiate extensions of the presumptive four-hour limit during the deposition of any opt-in plaintiff when Valleywise believes this is necessary. At least five business days in advance of any deposition Valleywise must produce the deponents' pay records, time records, personnel files, onboarding documents, write ups, performance reviews, relevant policies and procedures, handbooks, HR training materials for meal and break periods and clocking in and out, emails, and any electronic "timestamped" documents such as badge swipes and activity logs from the various patient care records systems.

**IT IS FURTHER ORDERED** no later than **12:00 p.m. on October 4, 2024**, Valleywise shall file a response to Kostov's motion for leave to file ex parte summary of discovery dispute (Doc. 170) and submit its own proposed summary of discovery dispute. No reply is permitted.

Dated this 30th day of September, 2024.

Honorable Krissa M. Lanham
United States District Judge