**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Kostov, | No. CV-23-00613-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Maricopa County Special Health Care District, | |
| Defendant. | |

Robert Kostov sought leave to file an ex parte discovery dispute and also provided a summary of the underlying disputes. (Doc. 171.) The court noted that filing was improper but called for a response. (Doc. 174 at 5.) Valleywise filed its response to both the request to file an ex parte dispute as well as the underlying discovery disputes. (Doc. 184) The disputes are now ripe for resolution.

Kostov's statement of discovery disputes outlined 12 Interrogatories and 12 Requests for Production that he believes have been have not been sufficiently answered or verified by Valleywise. (Doc. 171.) While the statement is not a formal motion to compel, and no such motions are allowed without leave of the court, the court will review the parties' disputes under the general framework applicable to motions to compel.

"[T]he party seeking to compel discovery has the initial burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)." *Doe v. Swift Transp. Co.*, No. 2:10–cv–00899 JWS, 2015 WL 4307800, *1 (D. Ariz. July 15, 2015). If the movant meets its burden, "the party opposing discovery has the burden to demonstrate that

discovery should not be allowed due to burden or cost and must explain and support its objections with competent evidence." *Id*. In general, Kostov has not met his burden and he is not entitled to most of the relief he seeks.

## I. Adequacy of Verification

Kostov argues that Valleywise has not provided "verification" for its Interrogatories and responses to Requests for Production. (Doc. 171 at 2.) Following Kostov's motion for leave to file its ex parte summary of discovery disputes, Valleywise served a second set of supplemental responses to Kostov's Interrogatories and Requests for Production. (Doc. 184-2 at 12.) These responses were verified by Valleywise's Director of Human Resources Operations and this issue is now moot. (Doc. 184-2 at 64.)

## II. Interrogatories and Requests for Productions

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). The parties have lost sight of this basic principle and are not cooperating in good faith. As a result, they have an unusually large number of distinct disputes that would require hours of in-court time to fully explore and resolve. The parties seemingly do not mind wasting their time squabbling, but the court will not enable or participate in their joint endeavor. Instead, the court provides the following rulings and expects the parties to resolve future disputes without court involvement or, at the very least, present concise and coherent joint summaries of their disputes following timely-scheduled real-time communication in person or via telephone.

### A. Interrogatories

<u>Interrogatory 1</u>: Kostov requested the identities of the individuals "who prepared answers to these Interrogatories." (Doc. 171 at 8) Kostov alleges that Valleywise agreed to provide those identities, (Doc. 171 at 2) which Valleywise disputes. (Doc. 184-2 at 3.) Valleywise also points out that counsel prepared the interrogatory responses. (Doc. 184-2 at 3.) Whether or not Valleywise previously agreed to provide this information is immaterial because Kostov does not explain why he believes this information is relevant

to any party's claim or defense and Valleywise claims to have produced it. The request to compel additional responses is denied.

Interrogatories 3, 6, 9, 11–14: Valleywise provided responses to Interrogatories 3, 6, 9, 11–14. (Doc. 171 at 10–11, 13–16, 18–20.) Kostov alleges that Valleywise would "review if it wanted to supplement" these Interrogatories but did not. (Doc. 171 at 2.) Valleywise claims that it never agreed to supplement these Interrogatories. (Doc. 171 at 2.) Kostov does not explain what information he wants Valleywise to produce that it has not already produced. Accordingly, this request is denied.

Interrogatory 4: Kostov requested Valleywise's "contentions regarding all material differences in [its] compensation practices as applied to [Kostov] versus the [Putative Class Members]." (Doc. 171 at 11.) Kostov alleges that Valleywise would "review if it wanted to supplement" this Interrogatory but did not. (Doc. 171 at 2.) Valleywise claims that it never agreed to supplement this Interrogatory and it "requests legal arguments rather than facts." (Doc. 184-2 at 3.) The court agrees. This request is denied.

Interrogatory 8: Kostov requested Valleywise identify how many hours, the duties, and location worked by Kostov and the putative class members for each week during the limitations period. (Doc. 171 at 15.) Kostov alleges the parties agreed that "job descriptions would be sufficient," but that Valleywise "claimed it would decide if it would produce the exemplar job descriptions for opt-in plaintiffs" and has not answered. (Doc. 171 at 2.) Valleywise refutes this. (Doc. 184-2 at 3.) The alleged narrowing of this interrogatory to "job descriptions" means the court cannot determine what the present interrogatory is seeking or how Valleywise's responses were inadequate so the present request is denied.

Interrogatory 15: Kostov requested "all communications regarding the pay practice" Valleywise sent during the relevant time period, including communications with Kostov, putative class members, and internal communications. (Doc. 171 at 20.) Kostov alleges Valleywise would "look to see whether general communications regarding the pay practice at issue and changes to the policies and procedures exist." (Doc. 171 at 2.) Valleywise claims it never agreed to do so and only would "continue producing all emails of Opt-Ins

- 3 -

deposed that fit the criteria set forth in the parties' Stipulation." (Doc. 184-2 at 3.) Communications regarding Valleywise's pay policies are relevant to Kostov's claims but the interrogatory as drafted is far too broad. Kostov must narrow the scope, including by providing a definition of "the pay practice."

<u>Interrogatory 16</u>: Kostov requested the identities of the individuals "who supervised [Kostov's] and the [Putative Class Members'] day to day job activities and set their schedules." (Doc. 171 at 23.) Kostov alleges that "Defendant claimed it would identify the individuals who approved a meal period suspension for the 15% representative sample of the opt-in plaintiffs," which is different from the scope of the Interrogatory. (Doc. 171 at 2.) Valleywise also denies that it agreed to this. (Doc. 184-2 at 3.) The court directs Kostov to narrow the scope of this Interrogatory.

**B. Requests for Production**

<u>Request for Production 1</u>: Kostov requested the "pay, time, and audit trails in electronic format." Valleywise claims that it produced "Time Detail Reports, Timecard Records, and Payroll Records for all 1,034 Opt-Ins." (Doc. 184-2 at 3.) It is not clear from Kostov's statement why Valleywise's response is deficient or what documents he still seeks. Kostov's request is denied.

<u>Request for Production 3</u>: Kostov requested the personnel file for each plaintiff and putative class member but later "agreed to limit that to the performance reviews and write up for the 15% representative discovery plaintiffs." (Doc. 171 at 2.) Valleywise claims it never agreed to produce 15 percent of all personnel files but "has produced personnel files of deponents, per the Court's Order." (Doc. 184-2 at 3–4.) Although Kostov has already met his burden of showing that the personnel files must be produced in advance of opt-in depositions, Kostov has not provided any reason why the relevance of this material for all opt-in plaintiffs outweighs its burden. Accordingly, this request is denied.

<u>Request for Production 5</u>: Kostov argues that "it was clear that Defendant has not produced the most recent training programs and policies" responsive to this request following recent depositions. (Doc. 171 at 3.) Kostov alleges that Valleywise agree to

"resolve whether new and additional training policies exist outside of those previously produced" and would specifically "look to produce all versions of the NEO, NLO, Handbooks, and Kronos training documents." (Doc. 171 at 3.) Valleywise claims to have "produced all policies and training materials" responsive to this request. (Doc. 184-2 at 4.) To the extent responsive updated training programs and policies exist, Valleywise must produce these documents.

<u>Requests for Production 6 and 17</u>: Kostov argues that "it was clear that Defendant has not produced the most recent policies" responsive to these requests following recent depositions. (Doc. 171 at 3.) Valleywise claims that it produced all documents responsive to these requests and that Kostov did not identify any additional policies that he believes he is entitled to. (Doc. 184-2 at 4.) Because Kostov has not identified what more he wants compelled, these requests are denied.

<u>Request for Production 7</u>: Kostov requested documents relating to claims or complaints "concerning Defendant's failure to pay all wages or overtime." (Doc. 171 at 3.) Kostov claims that Valleywise agreed to review whether to produce "'snow reports' and emails regarding any alleged failure to pay all wages/overtime, as well as settlement documents from the recently settled Kronos lawsuit." (Doc. 171 at 3.) Valleywise replies that while it agreed to produce "Snow" reports as they are identified and select emails for individual depositions, it did not agree to "'review whether to produce' 'emails regarding any alleged failure to pay all wages/overtime' or 'settlement documents from the recently-settled Kronos lawsuit.'" (Doc. 184-2 at 4.) Kostov has not identified the significance of the "snow reports" or the "Kronos lawsuit" so the court cannot determine their relevance. And although emails relating to any failure to pay wages and overtime could be relevant to Kostov's claims, the request is too broadly written, failing to narrow, for instance, the relevant time period and potential senders. Kostov must narrow this request.

<u>Request for Production 8</u>: Kostov requested "records of all hours at work" for Kostov and all Putative Class Members. (Doc. 171 at 31.) Valleywise is already required to produce certain time records five business days in advance of any deposition (Doc. 145

at 2) but says that it is "still obtaining" certain records." (Doc. 184-2 at 4.) Valleywise must produce discovery five business days in advance of any deposition in compliance with the court's prior order. (Doc. 145 at 2.) If Kostov seeks additional discovery for all opt-in plaintiffs, he must explain why this request is proportional to the needs of the case.

Requests 9, 12: Valleywise produced documents responsive to these requests. (Doc. 171 at 28–31, 38–39.) Kostov argues that "it became clear" that there were additional relevant documents following recent depositions. (Doc. 171 at 3.) Valleywise claims that it produced all documents responsive to these requests and informed Kostov that it would produce "any written Meal Period Schedules" to the extent they existed but has not identified any additional records. (Doc. 184-2 at 4.) Because Kostov has not identified any existing documents he wants compelled, these requests are denied.

Request 10: Kostov argues that Valleywise agreed to produce "for the 15% sample discovery plaintiffs all communication involving pay, time worked, deductions from pay, and/or meal breaks." (Doc. 171 at 3.) Valleywise has already produced "over 200,000 pages of Time Detail Reports, Timecard Records, and Payroll Records for all 1,034 Opt-Ins" and also "the communications related to these topics" for any deponent. (Doc. 184-2 at 4.) Kostov has not explained why these records are insufficient and why his additional requests are proportional to the needs of the case. Kostov is directed to narrow his request.

Requests 11, 14: Kostov argues that Valleywise said it would supplement or verify whether additional records exist. (Doc. 171 at 3.) Valleywise responds that it supplemented its responses to clarify that it has not identified any documents responsive to these requests. (Doc. 184-2 at 4–5.) Because Kostov has not identified any existing documents he wants compelled, these requests are denied.

**III.    Settlement Conference**

Kostov requested a settlement conference "with the Magistrate Judge pursuant to LR Civ 83.10" but noted that Valleywise did not join in this request. (Doc. 205 at 2.) As noted in this court's standing order, "[t]he Court will set a settlement conference before a magistrate judge upon request of *all* parties." Case Management Order ¶ 10 (emphasis

1  added). Kostov cannot unilaterally set a settlement conference and this request is denied
2  without prejudice.
3  Accordingly,
4  **IT IS ORDERED** the Motion for Leave (Doc. 170) is GRANTED. The Clerk of
5  Court shall file the document lodged at Doc. 171.
6  **IT IS FURTHER ORDERED** Kostov's Motion for Status Conference (Doc. 205)
7  is **DENIED**.
8  **IT IS FURTHER ORDERED** the parties shall comply with the discovery rulings
9  above.
10  **IT IS FURTHER ORDERED** Kostov's motion for a settlement conference is
11 **DENIED**.
12  Dated this 8th day of November, 2024.

*[Signature]*
Honorable Krissa M. Lanham
United States District Judge